ALFRED WELLINGTON and another *v.* JOSEPH SCOTT.

The substitution of a second note, payable to different payees, in place of the first, is a novation of the debt.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*G. B. Duncan,* for the appellant.

*Durell,* for the defendant.

MARTIN, J. The plaintiffs are appellants from a judgment rejecting their claim against the defendant on a note of the firm of Palmer, Allen & Co., of which the defendant was a partner.

The claim was resisted on an allegation that the note had been extinguished by Palmer & Whiting, a firm of which Palmer, who had been one of the firm of Palmer, Allen & Co., was a partner, by a note of theirs, made in the pretended liquidation of the firm of Palmer, Allen & Co. payable to said Palmer, Allen & Co. for one thousand dollars, and endorsed by said Palmer & Whiting, in the name of Palmer, Allen & Co., whereby the original note was novated. The defendant averred that Palmer & Whiting had no authority to draw the note in liquidation of the firm of Palmer, Allen & Co. which had been previously dissolved, nor to endorse thereon the name of the firm, of all which the plaintiffs had knowledge. The record shows that on the maturity of the note sued on Palmer & Whiting gave their note for the same amount as the first, payable to the order of Palmer, Allen & Co. and Amanda Hogue, the said Amanda being the payee of the first note; that Palmer & Whiting, without any authority therefor, placed the signature of Palmer, Allen & Co. on the back of the said note, and that Amanda Hogue by a distinct endorsement, transferred all her rights and interest in the note to the plaintiffs. The testimony establishes all the allegations in the answer, and that the note sued on was endorsed to the plaintiffs after its maturity, and after the second note had been substituted therefor. It was therefore novated by the substitution, for the second note was made payable to different payees.

*Judgment affirmed.*